Filed 11/10/21  P. v. Underwood CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B309928 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA148993) |
| v. | |
| HASAN TARIQ UNDERWOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Affirmed.

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

## FACTUAL AND PROCEDURAL SUMMARY

Appellate counsel appointed to represent defendant and appellant Hasan Tariq Underwood filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record.  Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant.  Defendant filed a supplemental brief asserting lack of substantial evidence, his sentence is unfair, and the court acted improperly in disregarding the prosecution's request to dismiss both prior strike convictions.  We affirm.

In March 2019, defendant was charged with two counts of second degree robbery (Pen. Code, § 211).  The charges arose from an incident on September 25, 2018, in which defendant confronted two teenage girls on the street and threatened to shoot them if they did not put down their cell phones.  After the girls put their phones on the sidewalk, defendant grabbed both phones and fled in his car.  It was also alleged defendant had suffered two prior robbery convictions in 2015 (§§ 667, subds. (a)(1), (b)–(j) & 1170.12).

After several continuances, some of which were caused by the Covid-19 pandemic, trial by jury began at the end of October 2020.  The court granted defendant's request to bifurcate trial of the prior conviction allegations and denied the prosecution's motion to admit evidence of defendant's prior robbery convictions pursuant to Evidence Code section 1101.

The two victims, Alexis C. and Jazlyn D., testified.  Their descriptions of the incident were substantially similar.  Alexis

and Jazlyn said they were walking home from high school together sometime after the lunch period, probably around 1:00 p.m.

As they passed a small parking lot, they noticed a silver Nissan parked in the lot.  The car stood out because the lot was usually empty.  There was an Uber sticker in the front windshield.  A tall Black male was standing outside the car.  Both girls identified defendant in court as the man they saw that day.  Jazlyn said he had "dreads" and was wearing red shoes.  Alexis described him as about six feet tall with a large tattoo on his neck.

Shortly after the girls walked past the parking lot, the man pulled up next to them in the silver car.  The windows were all down and he yelled at them to put their cell phones on the ground or he would shoot them.  Neither girl saw a gun but both were scared.  They placed their cell phones on the ground.

Defendant told the girls to keep walking and repeated his threat to shoot them if they did not comply.  Jazlyn said she started walking backwards to keep an eye on defendant.  Defendant got out of the car, grabbed the two phones and then got back in his car.  He sped off quickly, tires "screeching."

Alexis and Jazlyn ran to Jazlyn's home and called the police.  Officers responded to the home and spoke with Alexis and Jazlyn separately.  Both victims said the suspect had been in a silver Nissan and that the suspect was a Black male around six feet tall with black hair.  Jazlyn told the officers about the Uber sticker in the front windshield.

Jazlyn and her boyfriend had an application on their phones that shared their respective locations.  About 30 to 40 minutes after the robbery, her boyfriend's phone sent a

notification about the location of Jazlyn's phone, first at a Starbucks a few miles away, and then at a gas station.  They called the police and reported that information.  They were told to meet the police at the gas station.

Juliann Bodnar worked at the gas station.  She recalled a Black male coming into the station around 2:00 p.m. and asking to use the restroom.  He had dreadlocks and a large shark tattoo on his throat.  Ms. Bodnar gave that description to the officers when they arrived at the station a short time later.

Video footage recovered from the gas station security cameras showed a silver sedan arriving and a Black male going inside.  The sedan had an Uber sticker in the front windshield.

Based on information from the victims and the gas station footage, the officers identified defendant, who had a distinctive shark tattoo on his neck, as a possible suspect.  A six-pack of photographs was prepared in which all photographs were digitally altered to have the same neck tattoo to avoid an identification based solely on the tattoo.  Both victims separately identified defendant in the six-pack as the person that took their phones.

Defendant exercised his right not to testify.

The jury found defendant guilty on both counts.  Defendant waived his right to a jury trial on the bifurcated prior conviction allegations.

At the sentencing hearing and bench trial on the priors on January 7, 2021, the prosecutor advised the court that while the People had initially opposed defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, they were now seeking a dismissal of the prior conviction allegations

4

based solely on Special Directive 20-08.1, the new policy directive issued by the newly sworn district attorney.

The court declined to dismiss both strike priors. The court granted defendant's motion in part, striking one prior conviction for all purposes and exercising its discretion not to impose the five-year enhancement pursuant to Penal Code section 667, subdivision (a)(1) as to the remaining strike.

The court found the remaining prior conviction to be true and imposed a state prison sentence of 10 years. The court imposed the high term of five years on count 1, doubled due to the prior strike. The court imposed the same sentence on count 2 and ran the term concurrently. Defendant was awarded 943 days of presentence custody credits.

## DISCUSSION

### 1.     Defendant's Evidentiary Claims

Defendant's main claim of error is best characterized as a substantial evidence challenge.

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) In undertaking this review, our job does *not* include reweighing conflicts in the evidence or assessing witness credibility. (*People v. Boyer* (2006) 38 Cal.4th 412, 480 (*Boyer*); see also *People v. Zaragoza* (2016) 1 Cal.5th 21, 44 [it is not the task of a reviewing court to "resolve credibility issues or evidentiary conflicts"].) Moreover, "unless the testimony is physically impossible or inherently improbable,

5

testimony of a single witness is sufficient to support a conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

The victims testified to the descriptions they gave of the suspect to the officers following the incident, as did the responding officers. Defendant offers only speculation that the 911 call should have been offered in evidence because it would have revealed that a different description was initially reported.

Defendant also states only his unsupported belief there should have been video footage of the incident available because the robberies occurred near a school and schools generally have a lot of security cameras. But Detective Hardwick testified there was no video evidence of the vehicle or suspect at the time the phones were taken from the two victims.

As for the lack of witnesses to the incident, other than the two victims, both victims testified there was no one else on the sidewalk at the time the robberies took place. The girls said they were walking home at the lunch hour and not the end of the school day when more students would have been leaving the school grounds. The law is clear that the "[i]dentification of the defendant by a single eyewitness may be sufficient to prove the defendant's identity as the perpetrator of a crime." (*Boyer*, *supra*, 38 Cal.4th at p. 480.) There is substantial evidence in the record supporting defendant's conviction.

To the extent defendant's supplemental brief can be construed as an argument that his trial counsel was ineffective for failing to present additional evidence in his defense, we must reject the contention. Defendant has not shown "both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have

6

resulted in the absence of counsel's failings." (*People v. Cudjo* (1993) 6 Cal.4th 585, 623, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687–696.)

## 2.    Defendant's Sentencing Claim

Defendant's expressed displeasure with his 10-year sentence can best be characterized as an argument the trial court erred in refusing to grant his *Romero* motion in its entirety despite the prosecutor's concession to dismissal of both strikes.

We review this contention under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376 (*Carmony*); accord, *People v. Taylor* (2020) 43 Cal.App.5th 1102, 1113.)

As the Supreme Court explained, "[i]n reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree." ' " (*Carmony, supra,* 33 Cal.4th at pp. 376–377.) "The Three Strikes law 'not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm . . . . [T]he law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.' " (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1140.)

Further, in determining whether to strike a prior serious or violent felony conviction, we "must consider whether, in light of

7

the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Defendant has not shown the court's sentencing decision was irrational or arbitrary. The court granted defendant's motion in part, striking one prior conviction for all purposes and exercising its discretion not to impose the five-year enhancement pursuant to Penal Code section 667, subdivision (a)(1) as to the remaining strike. The court acknowledged defendant was relatively young but said defendant had engaged in "extremely serious conduct," that he served prison time for robbery, reoffended a fairly short time following release, and had not learned from past incarceration. The court concluded defendant did not fall "outside of the three strikes structure" and therefore declined to strike the remaining strike.

## 3. The Request for New Counsel

Defendant makes a generalized, conclusory statement that he desires new appellate counsel to be appointed. Defendant has not stated a cognizable claim.

## 4. Other Issues

In addition to reviewing defendant's claims of error, we have examined the entire record of proceedings submitted to this court, including but not limited to defendant's motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment of conviction is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


HARUTUNIAN, J.*

_____

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.